IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA CANADY TRAVIS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-cv-387-GMB |
| | ) | [WO] |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration | ) | |
| | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On November 6, 2014, Plaintiff Jessica Canady Travis applied for disability insurance benefits under Title II of the Social Security Act, alleging a disability onset date of September 15, 2014. Travis' application for benefits was denied at the initial administrative level. She then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on March 24, 2016. He denied Travis' claims on June 1, 2016. Travis requested a review of the ALJ's decision by the Appeals Council, which declined review on April 28, 2017. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of April 28, 2017.

Travis' case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United

States Magistrate Judge. Based on its careful review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be REVERSED and REMANDED.

## I. STANDARD OF REVIEW

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more

2

than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Id.* (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Travis bears the burden of proving that she is disabled, and is responsible for producing evidence sufficient to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant presently unable to engage in substantial gainful activity?
(2) Are the claimant's impairments severe?
(3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform her former occupation?
(5) Is the claimant unable to perform other work given her residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability. A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III. FACTUAL BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

Jessica Travis was 35 years old at the time of the ALJ's decision. R. 45. She lives in a house with her husband and three children in Notasulga, Alabama. R. 45–46. Travis has a twelfth-grade education. R. 46. Her primary complaints are sickle cell disease, carpal tunnel syndrome, arthritis, high blood pressure, and anemia. R. 146. In the past, Travis has worked as a teacher's aide and as a daycare worker. R. 46–47. She has not engaged in substantial gainful activity since September 15, 2015. R. 21.

4

The ALJ held a hearing in Travis' case on March 24, 2016. R. 39. At the hearing, the ALJ posed the following hypothetical to a vocational expert ("VE"):

> I would like you to consider a hypothetical individual who has the same age, education and work background as the claimant, but who has the following functional capacity. This hypothetical individual could lift and carry up to 20 pounds occasionally and 10 pounds frequently and could push and pull within those same exertional limits. The individual could stand or walk about six hours and could sit for at least six hours out of an eight-hour workday. The individual could perform occasional fine and gross manipulation with the left upper extremity and no more than frequent, fine and gross manipulation on the right. The individual could occasionally stoop, crouch, kneel, crawl and climb . . . Not ladders, ropes or scaffolding. Stairs would be possible. The individual could perform tasks not involving operation of vibrating tools or equipment or operation of motorized vehicles or heavy equipment. The individual could perform tasks not involving exposure to workplace hazards such as unprotected heights and dangerous moving machinery.

R. 57–58. The VE determined that this hypothetical individual could not work as a teacher's aide or daycare worker, but could work as a bakery worker, a counter clerk, or a laminating machine off bearer. R. 58. The ALJ then asked whether that same individual could find work if she was limited to lifting and carrying ten pounds occasionally, and less than ten pounds frequently. R. 59. The VE concluded that no jobs at the sedentary level would be available to this individual. R. 59.

On April 8, 2016, after the hearing, Travis found herself back in the doctor's office. R. 788–89. Her primary treating physician, Dr. Kevin Jackson, noted that she was positive for carpal tunnel syndrome. R. 789. In his treatment plan, Dr. Jackson limited Travis to lifting and carrying five pounds because of this condition. R. 789.

The ALJ issued his decision on June 1, 2016. R. 34. He found that Travis suffers from the following severe impairments under 20 C.F.R. § 404.1520(c): obesity, history of

5

carpal tunnel and trigger finger syndrome status post release surgery, hypertension, and anemia. R. 21. The ALJ also determined that Travis has the following non-severe impairments: sickle cell trait, diarrhea status post cholecystectomy, remote history of ankle fractures, and benign breast mass. R. 21. But the ALJ concluded at step three of the analysis that none of Travis' impairments, nor a combination of her impairments, satisfied or medically equaled the severity of one of those listed in the applicable regulations. R. 22.

At steps four and five, the ALJ found that Travis has the residual functional capacity ("RFC") to perform a range of light work.[1] R. 23. He determined that she could lift and carry up to 20 pounds occasionally and ten pounds frequently. R. 23.

Ultimately, the ALJ determined that Travis is unable to perform any past relevant work. R. 32. But considering Travis' age, education, work experience, and RFC, he found that there are jobs that she can perform that exist in significant numbers in the national economy. R. 32. Therefore, the ALJ concluded that Travis is not disabled within the meaning of the Social Security Act. R. 33. Based on these findings, the ALJ denied Travis' claims. R. 19.

The ALJ determined that Travis has the RFC to perform light work and lift up to 20 pounds occasionally and ten pounds frequently because he thought the evidence was insufficient to support greater limitations. R. 30. At the administrative hearing, Travis

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or left controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

testified that she cannot lift five pounds or more, and that her carpal tunnel syndrome causes problems with her hands and arms. R. 48–49. But the ALJ concluded that Travis' allegations were not fully supported by the evidence in the record and that her statements considering the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence. R. 29–30. For example, he found that Dr. Jackson's treatment from September 2011 to February 2018 generally was conservative. R. 28. He noted that after Travis underwent surgery for carpal tunnel, Dr. Jackson did not refer her for any additional surgical care. R. 29. And although the ALJ acknowledged Travis' complaints of pain, he was persuaded by the fact that she was better able to care for her kids after the surgery than before. R. 30. The ALJ found that most of Travis' physical examinations were generally unremarkable, except for some areas related to her subjective complaints. R. 29. He rejected Dr. Jackson's opinion that Travis was unable to find gainful employment, reasoning that Dr. Jackson may be overly sympathetic to his long-term patient, that his treatment notes do not reflect disability, and that the ultimate issue of disability is reserved to the Commissioner. R. 31. The ALJ did not address the limitation that Dr. Jackson placed on Travis' lifting abilities on April 8.[2] Ultimately, the

---

[2] It is unclear whether the ALJ received the April 8 opinion before he issued his decision. Travis contends that she submitted the evidence to the ALJ prior to his unfavorable decision. Doc. 13 at 11. But she also asserts that this evidence was "new" when submitted to the Appeals Council. Doc. 13 at 10. The Commissioner points out that there is no objective evidence indicating that the April 8 opinion was submitted to the ALJ. Doc. 14 at 6. Because Travis argues that the Appeals Council improperly considered "new" evidence, the court assumes that the opinion was not submitted to the ALJ. If the opinion was submitted to the ALJ, it is likely that the ALJ committed reversible error by failing to state with specificity the weight he gave Dr. Jackson's April 8 opinion. *See Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987) (finding that an ALJ may discredit the diagnosis of a treating physician only if he has articulated specific reasons for doing so). The court need not reach this issue, however, because it reverses on other grounds.

ALJ determined that while the record reflected a history of carpal tunnel syndrome, this condition was encompassed within the manipulative and exertional limitations expressed in the RFC. R. 30.

## IV. DISCUSSION

Travis presents four issues on appeal: (1) whether the Appeals Council erred by failing to consider new and material evidence; (2) whether the ALJ failed to consider the opinion of treating physician Dr. Ronald Hillyer; (3) whether the ALJ failed to consider the April 8, 2016 opinion of Dr. Kevin Jackson; and (4) whether the ALJ's RFC finding is based on substantial evidence. Because the court agrees that the Appeals Council did not properly consider the April 8 opinion of Dr. Jackson, any discussion of Travis' remaining arguments is pretermitted.

Travis argues that the Appeals Council erred by declining to review her case because the ALJ's opinion was not supported by substantial evidence (Doc. 13 at 16), and because the Council did not consider the new, material, and chronologically relevant evidence (Dr. Jackson's April 8, 2016 treatment plan) that it received. Doc. 13 at 11.

A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007); 20 C.F.R. § 404.900(b). The Appeals Council is required to "consider new, material, and chronologically relevant evidence that the claimant submits." *Banks v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 706, 709 (11th Cir. 2017) (citing *Washington*, 806 F.3d at 1320; 20 C.F.R. § 416.1476(b)(1)). "Evidence is chronologically relevant if it 'relates to the period on or before the date' of the ALJ's decision." *Banks*, 686 F. App'x at

709 (quoting 20 C.F.R. § 416.1476(b)(1)). New evidence is "material, and thus warrants a remand, if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011) (quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)). And the Council "must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 743 (11th Cir. 2008). But when the additional evidence submitted is merely cumulative, or untimely, denial of review may be appropriate. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014).

When evaluating a request for review, the Appeals Council is not required to explain its rationale for denying the request. *See Mitchell*, 771 F.3d at 784. On the other hand, it may not perfunctorily adhere to the decision of the ALJ. *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980). And while there is no duty to provide a detailed rationale, the Appeals Council must apply the correct legal standards. *Mitchell*, 771 F.3d at 784. Failure to provide a reviewing court with sufficient reasoning to determine whether those standards have been applied mandates reversal. *Hethcox v. Comm'r, Soc. Sec. Admin.*, 638 F. App'x 833, 836 (11th Cir. 2015) (internal citation omitted).

For example, as the *Mitchell* court explained, remand was warranted in a case where newly submitted evidence demonstrated that the factual predicate of the ALJ's decision changed. *See Mitchell*, 771 F.3d at 783; *Epps*, 624 F.2d at 1271–1273. In its decision, the Appeals Council "merely noted that it had considered the additional evidence submitted," without providing any rationale. *Mitchell*, 771 F.3d at 784. The *Mitchell* court reasoned

9

that remand was warranted in that case because "the ALJ's denial of benefits in *Epps* was premised on the claimant's lack of radical treatment. It was therefore apparent from the record that when the Appeals Council affirmed the ALJ's decision, it failed to consider the claimant's post-hearing evidence demonstrating he had recently been referred for consideration of radical intervention." *Id.* at 783 (internal citation omitted). Because of the Council's failure to evaluate the new evidence, the Eleventh Circuit remanded the case for a determination based on the total record. *Epps*, 624 F.2d at 1273.

Similarly, in *Flowers v. Commissioner of Social Security*, 441 F. App'x 735, 746 (11th Cir. 2011), the Eleventh Circuit remanded the claimant's case where there was a reasonable possibility that additional evidence submitted to the Appeals Council would have changed the ALJ's decision. The Appeals Council acknowledged that new evidence had been submitted but made no further mention of the evidence in its decision. *Id.* The ALJ had determined that the claimant could perform light work, which included lifting and carrying 20 pounds occasionally and 20 pounds frequently. *Id.* at 739. The ALJ based this determination on the opinion of a non-examining physician. *Id.* at 746. The ALJ discounted the opinions of the claimant's treating physicians because their clinical findings showed that the claimant's abilities were either normal or only mildly affected. *Id.* The ALJ also discredited the claimant's subjective complaints primarily for the same reason. *Id.* Among the additional evidence that the claimant submitted to the Appeals Council was an April 2009 opinion from her treating physician that she could only lift and carry 10 pounds occasionally, and less than 10 pounds frequently. *Id.* at 739. The physician's opinion was supported by clinical findings from three examinations of the claimant. *Id.* at

10

746. In light of the additional evidence, particularly the April 2009 opinion of the claimant's treating physician, the court remanded the case to the Commissioner. *Id.* at 747.

But additional evidence does not warrant a remand if it is cumulative of other record evidence. For example, in *Hoffman v. Astrue*, 259 F. App'x 213, 220 (11th Cir. 2007), the Eleventh Circuit held that remand was not warranted where the additional evidence (the report of an orthopedist) was based on medical records already before the ALJ. After the ALJ issued its decision denying benefits, an orthopedist who was not the claimant's treating physician examined the claimant. *Id.* at 215. Then, after reviewing the claimant's prior treatment records, the orthopedist concluded that the claimant was unable to obtain gainful employment. *Id.* at 218. The Appeals Council considered this evidence, but denied review. *Id.* The district court affirmed the denial of benefits, finding that new evidence would be unlikely to change the outcome of the ALJ's decision. *Id.* The Eleventh Circuit also affirmed and concluded that the additional evidence was unlikely to change the outcome because the orthopedist's report was based on evidence already before the ALJ. *Id.* at 220.

Consistent with this precedent, the court here finds that the Appeals Council did not provide enough rationale for a meaningful determination of whether it properly considered the new evidence or improperly affirmed the ALJ's decision. The Council declined review because it determined that the ALJ's decision was not contrary to the weight of the additional evidence. R. 2. The Appeals Council perfunctorily concluded the following:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the Administrative Law Judge's actions,

> findings, or conclusion is contrary to the weight of the evidence currently of record.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

R. 2. The April 8 opinion of Dr. Jackson was appropriately before the Appeals Council, because it is new, material, and chronologically relevant.

The *Flowers* case is instructive here. In *Flowers* there was a reasonable probability that the evidence would have changed the ALJ's decision. Here, also, there is a reasonable probability that Dr. Jackson's limitation to lifting 5 pounds would have altered the ALJ's conclusion that Travis can lift 20 pounds. As in *Flowers*, the ALJ here discredited Travis' subjective complaints because he found that her abilities were only mildly limited. R. 29–30. Just as the *Flowers* ALJ disregarded the opinions of the treating physicians because their clinical findings showed only mild effects, here, the ALJ disregarded Dr. Jackson's opinion partly because his treatment of Travis was conservative. R. 28. In light of these similarities, *Flowers* points to the conclusion that this case should be remanded after Travis' treating physician determined that she should lift only five pounds, just as the Eleventh Circuit remanded in *Flowers* after the treating physician determined that the claimant could lift 10 pounds occasionally and less than 10 pounds frequently. R. 789.

*Epps* compels the same result. In *Epps*, the Appeals Council did not adequately consider new evidence that contradicted the basis of the ALJ's decision. 624 F.2d at 1273. Here, for similar reasons, the court finds that Appeals Council failed to consider the April 8 limitation contradicting the ALJ's determination that Travis had the RFC to lift and carry up to 20 pounds occasionally and ten pounds frequently. R. 23. The VE expressly testified

that an individual limited to lifting and carrying ten pounds occasionally and less than ten pounds frequently would be unable to find gainful employment. R. 59. Dr. Jackson's plan limiting Travis to lifting five pounds places her squarely within those dimensions. R. 789. Though the Council is not required to detail its rationale, it has not provided the court with sufficient reasoning to determine that it correctly evaluated Travis' new evidence. *See Hethcox*, 638 F. App'x at 836 (finding that the failure to provide a reviewing court with sufficient reasoning to determine whether those standards have been applied mandates reversal).

Moreover, this case is distinguishable from *Hoffman*, 259 F. App'x at 220, where the claimant's appeal was denied because the additional evidence was cumulative of the record. In *Hoffman*, the additional evidence came from a non-treating physician who examined the patient once. But here Dr. Jackson has been Travis' primary treating physician for a number of years. And, unlike in *Hoffman*, where the physician based her opinion on old medical records from other doctors, Dr. Jackson based his opinion on a new, in-person examination of Travis. R. 788–89.

The Commissioner maintains that Dr. Jackson's opinion is cumulative of the record evidence because Travis testified at the hearing that she is limited to lifting five pounds. Doc. 14 at 11. The court does not agree that a treating physician's medical opinion and treatment plan is cumulative of the subjective testimony of a claimant, especially when the ALJ has rejected that testimony as not credible. R. 29–30; *accord Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal citation omitted) (holding that a treating physician's opinion "must be given substantial or considerable weight unless 'good cause'

is shown to the contrary"); *Perez v. Schweiker*, 653 F.2d 997, 1001 (5th Cir. 1981) (opining that "unless there is good cause shown to the contrary, the opinion, diagnosis and medical evidence of the treating physician, especially when the consultation has been over a considerable length of time, should be accorded considerable weight"). Instead, the court finds that the evidence relating to the April 8 examination by Dr. Jackson is new and material. Ultimately, the undersigned finds that the Appeals Council perfunctorily affirmed the decision of the ALJ and did not provide enough rationale for the court to determine that it properly considered the new evidence Travis submitted.

## V. CONCLUSION

Based on the foregoing, the undersigned concludes that the Commissioner's decision is not supported by substantial evidence and based upon the proper legal standards. It is therefore ORDERED that the decision of the Commissioner denying benefits is REVERSED and this matter is REMANDED to the Administrative Law Judge for the purpose of issuing a new disability determination consistent with this opinion.

A final judgment will be entered separately.

DONE this 16th day of November, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE